J. RALPH JONES *vs.* NEIL MADISON.

Third Judicial District, Bridgeport, April Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

A foreign statute, admitted in evidence and relevant and material to the issues, should be incorporated in the finding on appeal.

The conflicting evidence in the present case reviewed and *held* to justify the trial court's finding that when the defendant arrived at a street intersection, he did not, as he claimed, proceed in a straight line toward the center for the purpose of turning his truck to the left, from which direction the plaintiff's car was approaching, but steered to the right and then, while a short distance ahead of the plaintiff's car, turned sharply across the road to his left without giving any warning of his intention to do so, as required by the traffic law of the State of New York where the accident occurred.

Argued April 19th—decided June 11th, 1927.

ACTION to recover damages for injuries to the plaintiff's motortruck, alleged to have been caused by the defendant's negligence, brought to the Superior Court in Fairfield County and tried to the court, *Baldwin, J.;* judgment for the plaintiff for $1,140, and appeal by the defendant. *No error.*

*Wilbur S. Wright,* for the appellant (defendant).

*Warren F. Cressy,* for the appellee (plaintiff).

HAINES, J. The defendant seeks numerous changes in the finding, claiming material facts were found with-

out evidence and that other material facts were omitted, though "admitted or undisputed." An examination of the record shows that many of the facts referred to were found on conflicting evidence, while others are not material to the issues involved, and still others are, in effect, in the finding. Two of the claims made, however, are valid. The defendant excepts to the failure of the trial court to include in the finding two provisions of the New York traffic law, which were in evidence. These were relevant and material to the situation claimed by the defendant to exist, and are undisputed. We therefore add them to the finding. They are as follows: "A vehicle turning to the left into another street, shall, before turning, pass to the right of and beyond the center of the intersecting streets; provided, however, that if directed by a traffic officer the vehicle shall pass in front of instead of around the point of intersection." "Every driver of a vehicle approaching the intersection of a street or public road shall grant the right of way at such intersection to any vehicle approaching from his right; provided, that wherever traffic officers are stationed they shall have full power to regulate traffic."

The trial court had before it the following controlling facts: The plaintiff's truck was proceeding on the right-hand side of the Boston Post Road going toward Port Chester and approaching Putnam Avenue, which came into the Post Road from the plaintiff's right, while the defendant was on Putnam Avenue approaching the Post Road. He was necessarily driving his truck on the left-hand side of the avenue because of work being done in sewer construction in that avenue. As the two cars approached the intersection, each proceeding at moderate speed and with the cars under control, and each seeing the other, the defendant, before reaching the intersection, turned across to the

right-hand side of the avenue and came to the inter-
section before the plaintiff reached there. If the de-
fendant intended, as he claimed, to go east on the Post
Road, it was his duty to pass across the Post Road
around the center of the intersection on to the south
side of that road. The rules of law governing such a
situation are contained in those extracts which we
have added to the finding. It is here that contradic-
tory and conflicting evidence develops. The defendant
claims to have proceeded straight out of Putnam Ave-
nue with this purpose in mind, while the plaintiff and
his witnesses claim that the defendant turned to the
right when reaching the Post Road and proceeded on
the right-hand side of the Post Road going in the same
direction in which the plaintiff's truck was going. The
trial court reached the conclusion that the plaintiff's
version of the matter was true and this vital point being
established, the positions of the two cars were thus
those of a leading and a following car. Under these
circumstances, the parties were subject to another pro-
vision of the New York traffic law which is contained
in the finding. This provided that if the driver of the
leading car desired to turn across the road to his left,
he should first see that there was sufficient space to
permit him to do so safely and then warn the follow-
ing car "either by holding his arm straight out hori-
zontal or at right angles to the car or by operating an
adequate mechanical signal device." It is found that
the defendant's car was not equipped with the me-
chanical device referred to and that the defendant him-
self failed to note whether there was sufficient space
to permit the turn across the path of the following car
in safety, and that the defendant gave no signal of
any kind, but suddenly turned to the left across the
path of the following car, which was then close behind,
and had also turned somewhat to the left and sounded

a horn with the intention of passing the defendant's car. The trial court finds that this action of the defendant rendered a collision inevitable and that there was no fault on the plaintiff's part which contributed to this result. The subordinate facts found clearly support the trial court's conclusion that the collision was thus caused solely by the negligence of the defendant. This conclusion renders consideration of other reasons of appeal unnecessary, since they could not in any event affect the result.

There is no error.

In this opinion the other judges concurred.